In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00175-CV
_____

TEXAS A&M UNIVERSITY 12TH MAN FOUNDATION A/K/A THE 12TH
MAN FOUNDATION, APPELLANT

V.

ROBERT C. HINES, EXECUTOR OF THE ESTATE OF NATHAN HINES,
ET AL, APPELLEE

_____

On Appeal from the 1A District Court
Newton County, Texas
Trial Cause No. CV-1814312

_____

**MEMORANDUM OPINION**

In this interlocutory appeal, we are asked to decide the applicability of the

Texas Citizens' Participation Act (TCPA) to causes of action arising out of the 12th

Man Foundation's (the Foundation) fundraising relating to the new football stadium.

*See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-.011. In the trial court, the

Foundation sought dismissal of Plaintiffs' case, alleging that the TCPA required

1

dismissal of the claims Plaintiffs reasserted in their Fourth Amended Petition. The trial court denied the Foundation's motion, and the Foundation filed this appeal.[1]

In four appellate issues, with multiple subparts, the Foundation contends that the trial court erred by denying its motion to dismiss pursuant to the TCPA because (1) Plaintiffs lack standing to assert a derivative claim on behalf of the Foundation; (2) once the burden shifted to Plaintiffs, they failed to present "clear and specific evidence" establishing a prima facie case for each of their claims; (3) even if Plaintiffs did establish a prima facie case, the Foundation established defenses and affirmative defenses to those claims; and (4) the Foundation's defenses to Plaintiffs' breach of "duty of good faith and fair dealing" and "breach of fiduciary obligation" claims are established as a matter of law. Because we conclude that the TCPA applies to the Foundation's right of association and that the Foundation met its burden to establish that the Plaintiffs cannot prevail on their claims alleging theories of the breach of good faith, fair dealing, and breach of fiduciary duty. That said, some of the claims the Plaintiffs raised in their Fourth Amended Petition were not new claims, and as to those, we conclude the Foundation's TCPA motion was not timely. For the reasons explained below, we affirm in part and reverse and remand in part.

---

[1] The Foundation's appeal asserts only its TCPA claim, not its Rule 91a claim asserted in the trial court. Tex. Civ. Prac. & Rem. Code Ann. § 27.003.

2

**Background**

The Foundation (formerly the Aggie Club) was created as a charitable organization to promote A&M sports in several ways, which included financing athletic scholarships. In the 1970s, the Foundation decided to raise money by soliciting donations by promising prospective donors they would receive desirable seats at A&M football games, as well as other benefits. The donation that the Foundation received from these efforts varied. The quality and quantity of seats the Foundation promised also varied depending upon variable that included the amount the Foundation received as a donation, the year the donation occurred, the duration of the endowment (many of which the Foundation allegedly promised as a benefit that lasted during the donor's life). When A&M joined the Southeast Conference, the decision was made by the University that A&M's football stadium, Kyle Field, needed renovation. To raise funds toward these renovations, the Foundation adopted a similar procedure to partially fund the University's project to rebuild the stadium.[2] In developing the project to fund for the rebuilt stadium, the Foundation decided it would need to relocate some of those donors who had previously donated funds, been promised seats, and had what the plaintiffs claimed they were promised in return for their donations, the "best available seats" seats in Kyle Field for the

---

[2] The Foundation did not raise the entire cost of the renovations through donations. Public bonds were also sold to finance the construction.

duration of their respective endowments. Even though the donors who were displaced were offered the opportunity to have other seats and parking in the rebuilt Kyle Stadium, the Plaintiffs' claims these seats and parking are not what they were promised and are in locations that are less-desirable than the areas the Foundation promised to provide in exchange for the donations that the plaintiffs gave.

Anticipating that many of its then-existing donors might be dissatisfied with its offer in what was then the no yet rebuilt Kyle Stadium, the Foundation alleges that it offered to return to the donors their original donation. According to the Foundation, some of the Foundation's donors accepted the Foundation's offer, while others wanted what they claimed the Foundation originally promised. The donors that were dissatisfied with the Foundation's offer sued the Foundation. In the lawsuits, the donors alleged claims for breach of contract, promissory estoppel, and other causes of action.

After numerous procedural maneuvers that included motions, depositions, venue changes, an effort at certifying a class, which this Court reversed,[3] and the plaintiffs filing four amended petitions, the Foundation filed the motion resulting in this interlocutory appeal, and its motion to dismiss the case under the TCPA. In its motion, the Foundation argued that Plaintiffs' suit "is based on or is in response to"

---

[3] *Texas A&M Univ. 12th Man Found. v. Hines*, 09-19-00454-CV, 2022 Tex. App. LEXIS 1329 (Tex. App.—Beaumont Feb. 24, 2022, pet. denied) (mem. op.).

4

the Foundation's exercise of its constitutional right of association, and that the evidence supporting its motion established that it has valid defenses to all of the Plaintiffs' claims. The Foundation also alleged that the claims in Plaintiffs' Fourth Amended Petition had no basis in law or fact because the Foundation owed no fiduciary duty or burden of good faith and fair dealing to Plaintiffs.[4] The trial court denied the motion, and this appeal ensued.

## Analysis

We review a trial court's denial of a TCPA motion to dismiss de novo. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *Walker v. Hartman*, 516 S.W.3d 71, 79-80 (Tex. App.—Beaumont 2017, pet. denied). We consider the pleadings, evidence we could consider under Rule 166a, and affidavits stating facts on which liability, or any defense is based in the light most favorable to the nonmovant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); *In re Lipsky*, 460 S.W.3d 579, 587 (Tex. 2015) (orig. proceeding); *see also Dall. Morning News, Inc. v. Hall,* 579 S.W.3d 370, 377 (Tex. 2019); *Push Start Indus., LLC v. Hous. Gulf Energy Corp.*, No. 09-19-00290-CV, 2020 WL 7041567, at *3 (Tex. App.—Beaumont Nov. 30, 2020, no pet.) (mem. op.) (citations omitted). We also review de

---

[4] Plaintiffs' Third Amended Petition asserted claims for breach of contract and promissory estoppel, only. Plaintiffs' Fourth Amended Petition reasserts the claims they omitted from their Third Amended Petition, which includes claim alleging: (1) breach of fiduciary duty; (2) lack of good faith; and (3) breach of the "duties of care."

novo whether the parties met their burdens of proof under section 27.005 of the TCPA. *Landry's, Inc. v. Animal Legal Defense Fund*, 631 S.W.3d 40, 45-46 (Tex. 2021) (citation omitted).

**The Texas Citizens Participation Act**

The TCPA "provides a three-step process for the dismissal of a 'legal action' to which it applies." *Montelongo,*622 S.W.3d at 296 (*citing Castleman v. Internet Money Ltd*., 546 S.W.3d 684, 691 (Tex. 2018)); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)-(d).[5] First, the movant bears the initial burden to show that the "legal action is based on or is in response to[]" the movant's exercise of: "(A) the right of free speech; (B) the right to petition; or (C) the right of association[.]" Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)(1)(A)-(C). If the movant establishes that the nonmovant's claim implicates one of these rights, the burden shifts to the plaintiff to "'establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Lipsky*, 460 S.W.3d at 587 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c)). A "prima facie case" means "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Id.* at 590 (citation omitted). It is the "'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Id*. (quoting *In re E.I. DuPont de Nemours & Co*., 136 S.W.3d 218, 223 (Tex. 2004)).

---

[5] The 2019 amendments to the TCPA apply to the new causes of action, only.

6

Clear and specific evidence means that the "plaintiff must provide enough detail to show the factual basis for its claim." *Id*. at 591. Finally, if the nonmovant establishes their prima facie case, the burden shifts back to the movant to establish each essential element of an affirmative defense by a preponderance of the evidence. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d); *Youngkin v. Hines*, 546 S.W.3d 675, 679-80 (Tex. 2018); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017).

### A. Timeliness

The Foundation's motion to dismiss under the TCPA was not timely as to some of the Plaintiffs' claims. The TCPA dictates that a motion to dismiss must be filed "not later than the 60th day after the date of service of the legal action." Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b). The statute defines "legal action" as including "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6).

Plaintiffs filed their original petition on December 28, 2017. That petition alleged causes of action for breach of contract, promissory estoppel, breach of fiduciary duty, and lack of good faith, as did Plaintiffs' First Amended Petition. Although the record does not reflect when the Foundation was served with Plaintiffs' Original Petition, it does show that Plaintiffs' First Amended Petition was served on

the Foundation on November 12, 2018. The Foundation did not file its TCPA motion to dismiss until February 28, 2023, more than 60 days after November 12, 2018. The 60-day requirement language of the TCPA references service of the "legal action," rather than service of the suit. Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b). We therefore must decide whether the claims the Plaintiffs' alleged in their Fourth Amended Petition triggered a new 60-day period that allowed the Foundation to seek their dismissal by challenging them in a TCPA motion to dismiss. We hold that Plaintiffs' Fourth Amended Petition, filed and served December 30, 2022, rendered the Foundation's February 28, 2023, TCPA dismissal motion timely as to the causes of action for a "breach of fiduciary duty" and "lack of good faith and ordinary care" only. *See Montelongo v. Abrea*, 622 S.W.3d 290, 293 (Tex. 2021) (holding that a new cause of action alleged in an amended petition restarts the 60-day time frame to file a TCPA motion to dismiss as to that cause of action). On the other hand, the Foundation's TCPA motion to dismiss is untimely as to Plaintiffs' claims for breach of contract and promissory estoppel since those claims were asserted in Plaintiffs' Original Petition and carried forward through each amended petition more than 60 days before the Foundation filed its motion to dismiss. *Id.*

Still, even when timely, a party that files a TCPA motion to dismiss must also show that the claims subject to its motion—which in this case we have decided are the Plaintiffs' new claims for breach of fiduciary duty and breach of good faith and

8

fair dealing asserted for the first time by the Plaintiff's in their Fourth Amended Petition—arise from the Foundation's right of association, whether they implicate "a matter of public concern," and whether the Plaintiffs have met their burden to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." If the burden shifted to the Plaintiffs and the Plaintiffs met their burden, we must determine whether the Foundation established a defense to the claims that are the subject of the Foundation's TCPA motion to dismiss. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c); *See In re Lipsky,* 460 S.W.3d 579 at 584; *Robinson v. Hah,* No. 09-22-00414-CV, 2023 Tex. App. LEXIS 6043, at **14-15 (Tex. App.—Beaumont Aug. 10, 2023, no pet.) (setting out the burden-shifting process applicable to a TCPA motion to dismiss).

## B. Right of Association

The TCPA defines "exercise of the right of association" as "join[ing] together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2). The Foundation asserts that the organization consists of individuals who have "join[ed] together to collectively . . . promote . . . [their] common interest[]" in A&M sports, and Plaintiffs do not dispute this proposition. Therefore, we conclude the Plaintiffs' suit against the Foundation is based on or in response to the Foundation's exercise of the right of association. *See Fawcett v.*

*Grosu*, 498 S.W.3d 650, 657 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (holding that a suit against members of a Masonic lodge implicated the right of association because the lodge members had "joined together to collectively express, promote or defend common interests."); *see also Robinson*, 2023 Tex. App. LEXIS 6043, at **13-15 (referencing the right of association as applied to social media groups).

## C. Matters of Public Concern

To be covered by the TCPA, the challenged communication, petition, or association must relate to a "matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2), (3), (4). The TCPA defines a "matter of public concern" as including "a matter of political, social, or other interest to the community;" or as "a subject of concern to the public." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7)(B), (C). Plaintiffs contend that their suit does not relate to a matter of public concern because "public concern" requires more than generalized public interest in business transactions between private parties. *See McLane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 910 (Tex. 2023) (distinguishing between generalized public interest and matters of public concern under the TCPA).

Unlike *McLane*, which involved a purely private party buying a privately-owned sports team from another private party, this case has implications beyond the transactions between the Plaintiffs and the Foundation because, although the

10

Foundation is a nonprofit entity, its activities are inextricably linked to a public university that is largely supported by public funds. *See id.*; Tex. Const. art. VII, § 18. The legislature instructed that when construing the TCPA, Chapter 27 is to "be construed liberally to effectuate its purpose and intent fully." Tex. Civ. Prac. & Rem. Code Ann. § 27.011(b). *See ExxonMobil Pipeline*, 512 S.W.3d at 898. Here, the parties dispute whether the representations allegedly made by employees of the Foundation about the benefits of donating to the Foundation became enforceable as if they became contractual obligations of the Foundation since the donors supposedly made their respective donations to the Foundation as gifts. Further, the money the Foundation received from the donors was used largely to defray expenses that are generally borne by other states at the taxpayer's expense for building football fields despite the fact that at the end of the day, Kyle Field even though built with donations is still owned by A&M.[6] Under the circumstances, we conclude that the Foundation's fundraising to defray the expenses that Texas A&M incurs, which allows that University to benefit from a football team that plays football in a first class stadium is "a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.011(b).

---

[6] *See Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012) (explaining that a university is a governmental entity).

11

As previously discussed, Plaintiffs' case relates to the Foundation's right of association regarding a matter of public concern. That said, we must determine whether Plaintiffs have satisfied their burden of producing "clear and specific evidence" as to a prima facie case for each element of their newly-asserted claims. A prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d at 590. In ruling on the Foundation's motion, in the trial court and on appeal, the court considers the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and affidavits stating facts supporting liability or defense. Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); Tex. R. Civ. P. 166a(c).

Plaintiffs' Fourth Amended Petition, its live pleading at the time the Foundation filed its TCPA motion to dismiss, includes only two exhibits: (1) an order of severance and venue transfer, and (2) an e-mail exchange regarding scheduling. Neither of these documents is probative as to either Plaintiffs' breach of good faith and fair dealing or breach of fiduciary duty claim. Plaintiffs' Response to Defendant's Motion to Dismiss, the affidavits of Elizabeth Hines and Nathan Hines, consist of an agreement to dismiss the individual defendants, the notice of nonsuit, and a recitation of the undisputed events leading to the lawsuit.

Yet the documents fail to show the Foundation had a fiduciary duty to the Plaintiffs or that a special relationship existed between the Foundation and the

12

Plaintiffs that would have given rise to a fiduciary duty of care. First, the Hines' assert that the Foundation is liable to them because a duty of good faith and fair dealing was owed by the officers and directors of the Foundation to the membership (which included the Hines's). This is a misunderstanding of the duties in a non-profit organization situation because the duty of good faith and fair dealing of an officer or director is owed to the non-profit organization—not the individual members of the non-profit organization. See *Jackson v. NAACP Houston Branch*, No. 14-15-00507-CV 2016 WL 4922453, at **7-8 (Tex. App.—Houston [14th Dist.] Sept. 15, 2016, pet. denied) (mem. op.).

Second, the Hines's argue that a special relationship existed based upon "Aggie loyalty" and "Aggie core values" giving rise to a fiduciary obligation to the members. There are two kinds of fiduciary relationships: formal and informal. *Kana Energy Servs., Inc. v. Jiangsu Jinshi Mach. Grp. Co.*, 565 S.W.3d 347, 351 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see Herrin v. Med. Protective Co.*, 89 S.W.3d 301, 308 (Tex. App.—Texarkana 2002, pet. denied) (quoting *Tex. Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 507 (Tex. 1980)) ("Informal fiduciary relationships may arise in circumstances 'where a special confidence is reposed in another who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence.'"). It was undisputed that no traditional fiduciary relationship existed between the parties, meaning there was

no evidence that the Foundation and the Plaintiffs had an attorney-client, insurer-insured, or trustee-beneficiary relationship. *See Arnold v. Nat. Cty. Mt. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987).

The Plaintiffs failed to meet their burden to establish a prima facie case to show the Foundation owed them a fiduciary duty and failed to show there was a special relationship between the Foundation and the Hines plaintiffs. The pleadings and evidence presented by the Hines plaintiffs potentially show a dispute pertaining to an alleged donation and contractual relationship. But merely because the parties may have expectations in relation to a gift or donation, or whether they had a contractual relationship does not create a duty of good faith and fair dealing, nor does it establish a formal or informal fiduciary relationship. Oral representations in connection with contract claims do not give rise to a "special relationship" that creates a fiduciary duty. *See Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 490 (Tex. 2019) (citing *Northern Nat. Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 606-07 (Tex. 1998) ([t]he Court declined to imply a duty of good faith into the parties' contract because their contract did not provide the underlying duty or obligation at issue, explaining that nowhere did the contract impose a duty upon Northern Natural Gas to maintain the contracts, and "[i]n the absence of a specific duty or obligation to which the good-faith standard could be tied[]"). The Hines parties additionally pleaded that the Foundation "assured Plaintiffs" that, in

14

exchange for their "generous, early and loyal support" they would "be rewarded" by, among other things, having the "best available" parking at the stadium. They allege that the Foundation met their promise of "loyalty and honor with disloyalty and dishonor." However, these assurances do not create a fiduciary obligation. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 177 (Tex. 1997) (citations omitted) (While a fiduciary or confidential relationship may arise from the circumstances of a particular case, to impose such a relationship in a business transaction, the relationship must exist prior to, and apart from, the agreement made the basis of the suit.…mere subjective trust does not, as a matter of law, transform arm's-length dealing into a fiduciary relationship.). The pleadings and evidence fail to set forth a prima facie claim for breach of a fiduciary obligation or duty of good faith and fair dealing. The Hines plaintiffs have failed to set forth "clear and specific evidence" to support their claims for breach of fiduciary duty and good faith and fair dealing. *Compare S&S Emergency Training Sols., Inc. v. Elliott,* 564 S.W.3d 843, 847-50 (Tex. 2018) (holding that the non-movant had produced clear and specific evidence to support a prima facie case), *with Landry's, Inc.*, 631 S.W.3d 40 at 54 (holding that the non-movant had not produced the required clear and specific evidence).

**Conclusion**

To summarize, we conclude that the Foundation met its initial burden to show that Plaintiffs' newly asserted claims against it fall within the TCPA. Therefore, the burden shifted to Plaintiffs to establish by clear and specific evidence a prima facie case for each element of their claims for breach of fiduciary duty and good faith and fair dealing. Plaintiffs failed to establish a prima facie case for either of these claims. We hold that the trial court erred by denying the Foundation's TCPA Motion to Dismiss as to these claims, only. We reverse the trial court's denial of the Foundation's TCPA Motion to Dismiss as to these claims and remand the case to the trial court to render judgment dismissing these claims. On remand, the trial court may also determine what amount should be awarded to the Foundation for attorney's fees, costs, and other expenses as allowed under the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.005, 27.009(a); *River Plantation Cmty. Improvement Ass'n v. River Plantation Props*., LLC, No. 09-17-00451-CV, 2018 Tex. App. LEXIS 7135, at *17 (Tex. App.—Beaumont Aug. 30. 2018, no pet.) (mem. op.) (remanding for entry of judgment dismissing causes of action and award of attorney's fees).

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

JAY WRIGHT
Justice

Submitted on February 29, 2024
Opinion Delivered June 13, 2024

Before Horton, Johnson, and Wright, JJ.

16